JEFFREY H. WOOD, Acting Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

_____

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:18-cv-00064-SLG |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN ZINKE, in his official capacity as Secretary of the | ) | |
| U.S. Department of the Interior; | ) | |
| JAMES KURTH, in his official capacity as Acting | ) | |
| Director of the U.S. Fish and Wildlife Service; and | ) | |
| U.S. FISH AND WILDLIFE SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants Ryan Zinke, in

his official capacity of Secretary of the United States Department of the Interior; James Kurth, in

his official capacity as Acting Director of the United States Fish and Wildlife Service; and the

United States Fish and Wildlife Service, hereby respond as follows to the allegations in Plaintiff's

Complaint for Declaratory and Injunctive Relief. ECF No. 1. The numbered paragraphs of Defendants' Answer correspond to the numbered paragraphs of Plaintiff's Complaint.

1.      The allegations in the first sentence of Paragraph 1 consists of Plaintiff's characterization of their suit, which requires no response. To the extent a response is required, Defendants denies each of the allegations. Defendants deny the allegations in the second sentence of Paragraph 1.

2.      Defendants admit the allegations in the first sentence of Paragraph 2 that, "Pacific walruses [are] known for their massive size and ever-growing pair of tusks." The remaining allegations in the first sentence of Paragraph 2 are vague and ambiguous, and Defendants deny the allegations on that basis. In response to the allegations in the second sentence of Paragraph 2, Defendants admit that Pacific walruses use sea ice for courtship, giving birth, nursing calves during the immediate post-natal care period, and resting during foraging and molting. Defendants deny that walruses "need" sea ice as a platform for courtship, nursing their calves after the immediate post-natal care period, and resting during foraging and molting. Defendants aver that it is unknown whether Pacific walruses can give birth, conduct their nursing during the immediate post-natal care period, or complete courtship on land.

3.      Defendants deny the allegations in the first sentence of Paragraph 3. Defendants admit the allegations in the second sentence of Paragraph 3 that, "[t]here is no legitimate scientific debate that temperatures will continue to rise over the remainder of the century." The remaining allegations in the second sentence of Paragraph 3 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants deny the allegations in the third sentence of Paragraph 3.

4.      Defendants deny the allegations in the first sentence of Paragraph 4. The allegations in the second sentence of Paragraph 4 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants deny the allegations in the third sentence of Paragraph 4.

5.      The allegations in Paragraph 5 purport to describe and characterize the "12-Month Finding on a Petition to List the Pacific Walrus as Endangered or Threatened," 76 Fed. Reg. 7,634 (Feb. 10, 2011) ("2011 12-Month Finding"), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the 2011 12-Month Finding's plain language, meaning, and/or context.

6.      The allegations in Paragraph 6 are vague and ambiguous, and Defendants deny the allegations on that basis.

7.      Defendants admit the allegations in the first sentence of Paragraph 7 that it determined "that listing the Pacific walrus as threatened or endangered is 'not warranted.'" The remaining allegations in the first sentence of Paragraph 7 purport to describe and characterize the "12-Month Findings on Petitions to List 25 Species as Endangered or Threatened Species," 82 Fed. Reg. 46,618 (Oct. 5, 2017) ("Listing Determination"), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Listing Determination's plain language, meaning, and/or context. Defendants deny the allegations in the second sentence of Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 consist of Plaintiff's request for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

10.     The allegations in Paragraph 10 are legal conclusions that require no response. To the extent a response is required, Defendants deny each of the allegations. Defendants aver that the United States Fish and Wildlife Service received a letter from Plaintiff's counsel on October 19, 2017, titled "Notice of Intent to Sue for Violations of the Endangered Species Act Concerning 'Not Warranted' Listing Decision for Pacific Walrus."

11.     The allegations in the first sentence of Paragraph 11 are legal conclusions that require no response. To the extent a response is required, Defendants deny each of the allegations. Defendants admit the allegations in the second sentence of Paragraph 11 that, "[t]he Service's Alaska Regional office is located in Anchorage." The remaining allegations in the second sentence of Paragraph 11 are legal conclusions that require no response. To the extent a response is required, Defendants deny each of the allegations.

12.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, deny the allegations.

13.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 13 and, on that basis, deny the allegations. Defendant admits the allegation in the second sentence of Paragraph 13 that, "the Center petitioned the Service to list the Pacific walrus as threatened or endangered under the ESA in 2008." Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 13 and, on that basis, deny the allegations.

14.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, deny the allegations.

15.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, deny the allegations.

16.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, deny the allegations.

17.     Defendants deny the allegations in Paragraph 17.

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants admit the allegations in Paragraph 19.

20.     Defendants admit the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 purport to describe and characterize 16 U.S.C. § 1531, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with 16 U.S.C. § 1531's plain language, meaning, and/or context.

22.     The allegations in Paragraph 22 purport to describe and characterize 16 U.S.C. § 1533, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with 16 U.S.C. § 1533's plain language, meaning, and/or context.

23.     The allegations in Paragraph 23 purport to describe and characterize 16 U.S.C. § 1532, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with 16 U.S.C. § 1532's plain language, meaning, and/or context.

24.     The allegations in Paragraph 24 purport to describe and characterize 16 U.S.C. § 1532, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with 16 U.S.C. § 1532's plain language, meaning, and/or context.

25.     Defendants admit the allegations in the first sentence of Paragraph 25. The remaining allegations in Paragraph 25 purport to describe and characterize a memorandum issued by the United States Department of the Interior's Office of the Solicitor in 2009 titled, "The

Meaning of 'Foreseeable future' in Section 3(20) of the Endangered Species Act," which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with memorandum's plain language, meaning, and/or context.

26.     Defendants admit the allegations in the first sentence of Paragraph 26. The remaining allegations in Paragraph 26 purport to describe and characterize the "Policy Regarding the Recognition of Distinct Vertebrate Population Segments Under the Endangered Species Act," 61 Fed. Reg. 4,722 (Feb. 7, 1996), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Policy's plain language, meaning, and/or context.

27.     The allegations in the first sentence of Paragraph 27 purport to describe and characterize 16 U.S.C. § 1533, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with 16 U.S.C. § 1533's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 27 purport to describe and characterize 50 C.F.R. § 424.11, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with 50 C.F.R. § 424.11's plain language, meaning, and/or context.

28.     The allegations in the first sentence of Paragraph 28 purport to describe and characterize 16 U.S.C. § 1533 and 50 C.F.R. § 424.11, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with 16 U.S.C. § 1533's or 50 C.F.R. § 424.11's plain language, meaning, and/or context. The remaining allegations in Paragraph 28 are legal conclusions that require no response. To the extent a response is required, Defendants deny each of the allegations.

29. The allegations in Paragraph 29 are legal conclusions that require no response. To the extent a response is required, Defendants deny each of the allegations.

30. The allegations in Paragraph 30 purport to describe and characterize 16 U.S.C. § 1533 and 50 C.F.R. § 424.14, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with 16 U.S.C. § 1533's or 50 C.F.R. § 424.14's plain language, meaning, and/or context.

31. The allegations in the first sentence of Paragraph 31 are vague and ambiguous, and Defendants deny the allegations on that basis. The allegations in the second sentence of Paragraph 31 purport to describe and characterize 16 U.S.C. § 1538 and 50 C.F.R. § 17.31, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with 16 U.S.C. § 1538's or 50 C.F.R. § 17.31's plain language, meaning, and/or context.

32. The allegations in Paragraph 32 purport to describe and characterize 16 U.S.C. § 1536 and 50 C.F.R. §§ 402.13-14, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with 16 U.S.C. § 1536's or 50 C.F.R. §§ 424.13-14's plain language, meaning, and/or context.

33. The allegations in Paragraph 33 purport to describe and characterize 16 U.S.C. § 1533, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with 16 U.S.C. § 1533's plain language, meaning, and/or context.

34. The allegations in Paragraph 34 purport to describe and characterize the Administrative Procedure Act, 5 U.S.C. §§ 701-06, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Administrative Procedure Act's plain language, meaning, and/or context.

35. The allegations in Paragraph 35 purport to describe and characterize 5 U.S.C. § 706, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with 5 U.S.C. § 706's plain language, meaning, and/or context.

36. Defendants admit the allegations in Paragraph 36.

37. Defendants admit the allegations in Paragraph 37.

38. Defendants admit the allegations in Paragraph 38.

39. Defendants admit the allegations in Paragraph 39.

40. Defendants admit the allegations in the first sentence of Paragraph 40 that, "[t]he Pacific walrus undergoes a seasonal migration between the Bering and Chukchi Seas." The remaining allegations in the first sentence of Paragraph 40 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants admit the allegations in the second sentence of Paragraph 40. Defendants deny the allegations in the third sentence of Paragraph 40 that "many males" spend the summer in the Chukchi Sea. Defendants admit the remaining allegations in the third sentence of Paragraph 40.

41. In response to the allegations in the first sentence of Paragraph 41, Defendants admit that Pacific walruses undertake a mass movement southward during fall and early winter and northward in spring and early summer, in part, to maintain access to the sea ice. Defendants aver that it is likely that Pacific walruses move north as sea ice retreats to access foraging areas in the Chukchi Sea. In response to the allegations in the second sentence of Paragraph 41, Defendants admit that the timing and onset pattern of seasonal ice can provide an environmental cue to the population to congregate at their breeding site in the Bering Sea. Defendants aver that there are other environmental cues, like day length and temperature, that can signal the population to move to their breeding site.

42. The allegations in the first sentence of Paragraph 42 are vague and ambiguous, and Defendants deny the allegations on that basis. In response to the allegations in the second sentence of Paragraph 42, Defendants admit that walruses use sea ice for resting between foraging trips to the sea floor, courtship, giving birth, nursing calves during the immediate post-natal care period, and molting. Defendants deny that walruses "require" sea ice as a platform for courtship, resting between foraging trips to the sea floor, nursing calves after the immediate post-natal care period, completing their molt, or as passive transport to new foraging areas. Defendants aver that it is unknown whether Pacific walruses can give birth, conduct their nursing during the immediate post-natal care period, or complete courtship on land.

43. Defendants admit the allegations in the first sentence of Paragraph 43. The allegations in the second sentence of Paragraph 43 are vague and ambiguous, and Defendants deny the allegations on that basis.

44. Defendants deny the allegations in Paragraph 44.

45. The allegations in the first sentence of Paragraph 45 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants admit the allegations in the second sentence of Paragraph 45.

46. Defendants admit the allegations in Paragraph 46.

47. In response to the allegations in the first sentence of Paragraph 47, Defendants admit that Pacific walruses can give birth to a single calf on the sea ice in the Bering Sea. Defendants aver that Pacific walruses can also give birth in the Chukchi Sea. Defendants admit the allegations in the second, third, and fourth sentences of Paragraph 47.

48. The allegations in Paragraph 48 are vague and ambiguous, and Defendants deny the allegations on that basis.

49.     In response to the allegations in the first sentence of Paragraph 49, Defendants admit that Pacific walruses can haulout on sea ice to complete their molt. Defendants aver that Pacific walruses have been also been observed molting on land based haulouts. Defendants admit the allegations in the second sentence of Paragraph 49. The allegations in the third sentence of Paragraph 49 are vague and ambiguous, and Defendants deny the allegations on that basis.

50.     The allegations in the first sentence of Paragraph 50 describe and characterize unspecified scientific data and Defendants therefore lack information or knowledge sufficient to form a belief as to the truth of the allegations in this sentence and, on that basis, deny the allegations. The remaining allegations in Paragraph 50 describe and characterize the 2016 Sea ice index, version 2 models from F. Fetterer, K. Knowles, W. Meier, and M. Savoie ("Sea ice index, version 2 model") available at the National Snow and Ice Data Center, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Sea ice index, version 2 model's plain language, meaning, and/or context.

51.     The allegations in Paragraph 51 describe and characterize the Sea ice index, version 2 model, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Sea ice index, version 2 model's plain language, meaning, and/or context.

52.     The allegations in the first sentence of Paragraph 52 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 52 and, on that basis, deny the allegations. The allegations in the fourth and fifth sentences of Paragraph 52 are vague and ambiguous, and Defendants deny the allegations on that basis.

53.     The allegations in Paragraph 53 are vague and ambiguous, and Defendants deny the allegations on that basis.

54.     The allegations in the first sentence of Paragraph 54 describe and characterize unspecified scientific data and Defendants therefore lack information or knowledge sufficient to form a belief as to the truth of the allegations in this sentence and, on that basis, deny the allegations. Defendants admit the allegations in the second sentence of Paragraph 54.

55.     The allegations in Paragraph 55 purport to describe and characterize the Fifth Assessment Report produced by the Intergovernmental Panel on Climate Change, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with Fifth Assessment Report's plain language, meaning, and/or context.

56.     Defendants admit the allegations in the first sentence of Paragraph 56. The allegations in the second and third sentences of Paragraph 56 purport to describe and characterize the Final Species Status Assessment for the Pacific Walrus ("Species Status Assessment"), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Species Status Assessment's plain language, meaning, and/or context.

57.     The allegations in the first sentence of Paragraph 57 are vague and ambiguous, and Defendants deny the allegations on that basis. The remaining allegations in Paragraph 57 purport to describe and characterize the Species Status Assessment and the Fifth Assessment Report produced by the Intergovernmental Panel on Climate Change, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the Species Status Assessment's or Fifth Assessment Report's plain language, meaning, and/or context.

58.     The allegations in the first sentence of Paragraph 58 describe and characterize unspecified studies and Defendants therefore lack information or knowledge sufficient to form a

belief as to the truth of the allegations in this sentence and, on that basis, deny the allegations. The allegations in the second sentence of Paragraph 58 purport to describe and characterize data from the National Snow and Ice Data Center, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the data's plain language, meaning, and/or context. The allegations in the third sentence of Paragraph 58 describe and characterize unspecified studies and Defendants therefore lack information or knowledge sufficient to form a belief as to the truth of the allegations in this sentence and, on that basis, deny the allegations.

59. The allegations in Paragraph 59 describe and characterize unspecified scientific data and Defendants therefore lack information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.

60. The allegations in the first sentence of Paragraph 60 are vague and ambiguous, and Defendants deny the allegations on that basis. The allegations in the second, third, and fourth sentences in Paragraph 60 purport to describe and characterize the Species Status Assessment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Species Status Assessment's plain language, meaning, and/or context. The allegations in the fifth sentence of Paragraph 60 are vague and ambiguous, and Defendants deny the allegations on that basis.

61. The allegations in the Paragraph 61 are vague and ambiguous, and Defendants deny the allegations on that basis.

62. Defendants deny the allegations in Paragraph 62.

63. The allegations in the Paragraph 63 are vague and ambiguous, and Defendants deny the allegations on that basis.

64.     Defendants deny the allegations in the first sentence of Paragraph 64. The remaining allegations in Paragraph 64 describe and characterize the Species Status Assessment, a study by A.S. Fischbach, D.H. Monson, and C.V. Jay titled "Enumeration of Pacific walrus carcasses on beaches of the Chukchi Sea in Alaska following a mortality event, September 2009," and the United States Geological Survey Open-File Report, 2009-129, which speak for themselves and are the best evidence of their contents allegations. Defendants deny any allegations inconsistent with the documents' plain language, meaning, and/or context.

65.     The allegations in Paragraph 65 are vague and ambiguous, and Defendants deny the allegations on that basis.

66.     Defendants deny the allegations in the first sentence of Paragraph 66. The allegations in the second sentence of Paragraph 66 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants deny the allegations in the third sentence of Paragraph 66.

67.     Defendants admit the allegations in the first sentence of Paragraph 67 that, "[i]n February 2008, the Center petitioned the Service to list the Pacific walrus as a threatened or endangered species." Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 67 and, on that basis, deny the allegations. The allegations in the second sentence of Paragraph 67 purport to describe and characterize Plaintiff's petition, which speaks for itself and is the best evidence of its contents, and is therefore denied.

68.     The allegations in Paragraph 68 purport to describe and characterize Plaintiff's petition, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the petition's plain language, meaning, and/or context.

69.     Defendants admit the allegations in the first sentence of Paragraph 69 that, "[t]he Service failed to respond to the Center's petition within 90 days." The remaining allegations in the first sentence of Paragraph 69 are legal conclusions that require no response. To the extent a response is required, Defendants deny each of the allegations. The allegations in the second sentence of Paragraph 69 purport to describe and characterize a complaint filed in a previous case, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the complaint's plain language, meaning, and/or context.

70.     Defendants admit the allegations in the first sentence of Paragraph 70 that, "[p]ursuant to a settlement agreement, the Service issued a 90-day finding in September 2009." The remaining allegations in the first sentence of Paragraph 70 purport to describe and characterize the "90-day Finding on a Petition to List the Pacific Walrus as Threatened or Endangered," 74 Fed. Reg. 45,548 (Sept. 10, 2009), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the 90-day Finding's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 70 that, "[h]owever, the Service again failed to comply with its statutory deadline to complete the status review and issue its 12-month determination, 16 U.S.C. 1533(b)(3)(B)," are legal conclusions that require no response. To the extent a response is required, Defendants deny each of the allegations. The remaining allegations in the second sentence of Paragraph 70 purport to describe and characterize a settlement agreement, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the settlement agreement's plain language, meaning, and/or context.

71.     Defendants admit the allegations in Paragraph 71 that, "[o]n February 10, 2011, the Service issued a 12-month determination." The remaining allegations in Paragraph 71 purport to

describe and characterize the 2011 12-Month Finding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the 2011 12-Month Finding's plain language, meaning, and/or context.

72. The allegations in Paragraph 72 purport to describe and characterize the 2011 12-Month Finding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the 2011 12-Month Finding's plain language, meaning, and/or context.

73. The allegations in Paragraph 73 purport to describe and characterize the 2011 12-Month Finding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the 2011 12-Month Finding's plain language, meaning, and/or context.

74. The allegations in Paragraph 74 purport to describe and characterize the 2011 12-Month Finding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the 2011 12-Month Finding's plain language, meaning, and/or context.

75. The allegations in Paragraph 75 purport to describe and characterize the 2011 12-Month Finding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the 2011 12-Month Finding's plain language, meaning, and/or context.

76. The allegations in Paragraph 76 purport to describe and characterize the 2011 12-Month Finding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the 2011 12-Month Finding's plain language, meaning, and/or context.

77.     The allegations in Paragraph 77 purport to describe and characterize the 2011 12-Month Finding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the 2011 12-Month Finding's plain language, meaning, and/or context.

78.     Defendants admit the allegations in the first sentence of Paragraph 78 that, "[t]he Center and the Service subsequently entered into another settlement agreement." The remaining allegations in Paragraph 78 purport to describe and characterize a settlement agreement, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the settlement agreement's plain language, meaning, and/or context.

79.     Defendants admit the allegations in the first sentence of Paragraph 79. The allegations in the second sentence of Paragraph 79 purport to describe and characterize the Listing Determination, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Listing Determination's plain language, meaning, and/or context.

80.     The allegations in Paragraph 80 purport to describe and characterize the Listing Determination, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Listing Determination's plain language, meaning, and/or context.

81.     The allegations in Paragraph 81 purport to describe and characterize the Listing Determination, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Listing Determination's plain language, meaning, and/or context.

82.     The allegations in Paragraph 82 purport to describe and characterize the Listing Determination, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Listing Determination's plain language, meaning, and/or context.

83.     The allegations in Paragraph 83 purport to describe and characterize the Species Status Assessment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Species Status Assessment's plain language, meaning, and/or context.

84.     The allegations in Paragraph 84 purport to describe and characterize the Species Status Assessment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Species Status Assessment's plain language, meaning, and/or context.

85.     The allegations in Paragraph 85 purport to describe and characterize the Species Status Assessment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Species Status Assessment's plain language, meaning, and/or context.

86.     The allegations in Paragraph 86 purport to describe and characterize the Listing Determination, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Listing Determination's plain language, meaning, and/or context.

87.     The allegations in the first and second sentences of Paragraph 87 purport to describe and characterize the Listing Determination, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Listing Determination's plain

language, meaning, and/or context. Defendants deny the allegations in the third sentence of Paragraph 87.

88. The allegations in the first sentence of Paragraph 88 purport to describe and characterize the Listing Determination, the Species Status Assessment, and the Species Assessment and Listing Priority Assignment Form, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the documents' plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 88 describe and characterize unspecified scientific data and Defendants therefore lack information or knowledge sufficient to form a belief as to the truth of the allegations in this sentence and, on that basis, deny the allegations.

89. The allegations in Paragraph 89 purport to describe and characterize the Listing Determination, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Listing Determination's plain language, meaning, and/or context.

90. The allegations in Paragraph 90 purport to describe and characterize a fact sheet, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the fact sheet's plain language, meaning, and/or context.

91. The allegations in Paragraph 91 purport to describe and characterize a fact sheet, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the fact sheet's plain language, meaning, and/or context.

92. The allegations in Paragraph 92 describe and characterize unspecified scientific data and Defendants therefore lack information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, deny the allegations.

93. The allegations in Paragraph 93 purport to describe and characterize a fact sheet, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the fact sheet's plain language, meaning, and/or context.

94. The allegations in Paragraph 94 describe and characterize an unspecified study and Defendants therefore lack information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, deny the allegations.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. In response to the allegations in Paragraph 97, Defendants restate and incorporate by reference their responses to all preceding paragraphs.

98. The allegations in Paragraph 98 purport to describe and characterize the 2011 12-Month Finding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the 2011 12-Month Finding's plain language, meaning, and/or context.

99. The allegations in the first sentence of Paragraph 99 purport to describe and characterize the Listing Determination, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Listing Determination's plain language, meaning, and/or context. Defendants deny the allegations in the second sentence of Paragraph 99. The allegations in the third sentence of Paragraph 99 purport to describe and characterize the Listing Determination, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Listing Determination's plain language, meaning, and/or context.

100.     The allegations in Paragraph 100 purport to describe and characterize a fact sheet, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the fact sheet's plain language, meaning, and/or context.

101.     Defendants deny the allegations in Paragraph 101.

102.     In response to the allegations in Paragraph 102, Defendants restate and incorporate by reference their responses to all preceding paragraphs.

103.     The allegations in Paragraph 103 purport to describe and characterize 16 U.S.C. § 1532, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with 16 U.S.C. § 1532's plain language, meaning, and/or context.

104.     The allegations in the first sentence of Paragraph 104 purport to describe and characterize the Listing Determination, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Listing Determination's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 104 describe and characterize unspecified data and Defendants therefore lack information or knowledge sufficient to form a belief as to the truth of the allegations in this sentence and, on that basis, deny the allegations.

105.     Defendants deny the allegations in Paragraph 105.

106.     Defendants deny the allegations in Paragraph 106.

107.     In response to the allegations in Paragraph 107, Defendants restate and incorporate by reference their responses to all preceding paragraphs.

108.     The allegations in Paragraph 108 purport to describe and characterize 16 U.S.C. § 1533, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with 16 U.S.C. § 1533's plain language, meaning, and/or context.

109.     Defendants deny the allegations in the first sentence of Paragraph 109. The allegations in the second sentence of Paragraph 109 purport to describe and characterize the Listing Determination, the Species Status Assessment, and the Species Assessment and Listing Priority Assignment Form, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the documents' plain language, meaning, and/or context. The allegations in the third sentence of Paragraph 109 purport to describe and characterize the Fifth Assessment Report produced by the Intergovernmental Panel on Climate Change and studies in the Species Status Assessment, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with Fifth Assessment Report's or studies' plain language, meaning, and/or context. Defendants deny the allegations in the fourth sentence of Paragraph 109.

110.     Defendants deny the allegations in the first sentence of Paragraph 110. The allegations in the second sentence of Paragraph 110 purport to describe and characterize the Listing Determination, the Species Status Assessment, and the Species Assessment and Listing Priority Assignment Form, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the documents' plain language, meaning, and/or context. The allegations in the third sentence of Paragraph 110 purport to describe and characterize the Species Status Assessment and a study by C.V. Jay, R.L. Taylor, A.S. Fischbach, and W.S. Beatty entitled "Walrus Haulout and In-water Activity Levels Relative to Sea Ice Availability in the Chuckchi Sea," which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the Species Status Assessment's or the study's plain language, meaning, and/or context. The allegations in the fourth sentence of Paragraph 110 purport to describe and characterize the Listing Determination, the Species Status Assessment, and

the Species Assessment and Listing Priority Assignment Form, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the documents' plain language, meaning, and/or context. The allegations in the fifth sentence of Paragraph 110 describe and characterize an unspecified study and Defendants therefore lack information or knowledge sufficient to form a belief as to the truth of the allegations in this sentence and, on that basis, deny the allegations.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

113. In response to the allegations in Paragraph 113, Defendants restate and incorporate by reference their responses to all preceding paragraphs.

114. Defendants deny the allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. In response to the allegations in Paragraph 117, Defendants restate and incorporate by reference their responses to all preceding paragraphs.

118. The allegations in Paragraph 118 purport to describe and characterize 16 U.S.C. §§ 1532-33 and 50 C.F.R. § 424.11, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with 16 U.S.C. §§ 1532-33's or 50 C.F.R. § 402.11's plain language, meaning, and/or context.

119. Defendants deny the allegations in Paragraph 119.

120. Defendants deny the allegations in the first sentence of Paragraph 120. The allegations in the second sentence in Paragraph 120 purport to describe and characterize the Listing Determination, the Species Status Assessment, and the Species Assessment and Listing Priority

Assignment Form, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the documents' plain language, meaning, and/or context. Defendants deny the allegations in the third and fourth sentences of Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

122.    Defendants deny the allegations in Paragraph 122.

The remainder of the Complaint constitutes Plaintiff's request for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## **GENERAL DENIAL**

All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

## **AFFIRMATIVE AND OTHER DEFFENSES**

1.  The Court lacks jurisdiction over some or all of Plaintiff's claims.

2.  Plaintiff lacks standing to bring some or all of its claims.

3.  Plaintiff has failed to allege facts that constitute a violation of law or otherwise to state a claim upon which relief may be granted.


Dated:      May 11, 2018

                                Respectfully submitted,

                                JEFFREY H. WOOD, Acting Assistant Attorney General
                                SETH M. BARSKY, Chief
                                MEREDITH L. FLAX, Assistant Chief

                                _/s/ Kaitlyn Poirier_____
                                KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
                                U.S. Department of Justice

Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorneys for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 11, 2018, a true and correct copy of the above Answer was

electronically filed with the Clerk of Court using CM/ECF. Copies of the Answer will be served

upon interested counsel via the Notices of Electronic Filing that are generated by CM/ECF.

<u>/s/ *Kaitlyn Poirier*</u>
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorney for Defendants